UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RHONDA AMBRISTER, individually, and as legal guardian of R.D.,

                           Plaintiff,

-against-

DAVID C. BANKS and the NEW YORK CITY DEPARTMENT OF EDUCATION,

                           Defendants.

23-CV-2746 (JGLC) (BCM)

**OPINION AND ORDER**

JESSICA G. L. CLARKE, United States District Judge:

       Plaintiff Rhonda Ambrister, individually and as guardian of her niece R.D., brings this action against David C. Banks in his official capacity as Chancellor of New York City Department of Education and the New York City Department of Education (together, "Defendants") for the failure to provide R.D. a free appropriate public education ("FAPE") under the Individuals with Disabilities Act ("IDEA"), 20 U.S.C. § 1400 *et seq.* Specifically, Plaintiff alleges that R.D.'s 2022 Individualized Education Program ("IEP") developed by Defendants was legally inadequate and that she is entitled to reimbursement for the cost of obtaining appropriate private educational services. On November 13, 2023, Plaintiff moved for summary judgment and Defendants cross-moved for the same. ECF Nos. 26, 31.

       This case is referred to Magistrate Judge Barbara Moses for general pretrial purposes and dispositive motions requiring a report and recommendation. ECF No. 7. On August 9, 2024, Judge Moses recommended that Plaintiff's motion for summary judgment be denied and Defendants' cross-motion be granted. ECF No. 41 ("R&R") at 28. Plaintiff objected to the R&R. ECF No. 42 ("Objection" or "Obj."). For the reasons stated herein, the R&R is ADOPTED in part and MODIFIED in part. The Court disagrees, in part, with the R&R's conclusion regarding

DRAFT

what deference is owed to the determinations of the administrative officers in this case. Nonetheless, the Court finds that the IEP was both procedurally and substantively adequate. As such, Plaintiff's motion for summary judgment is DENIED and Defendants' motion for summary judgment is GRANTED.

## LEGAL STANDARDS

The Court sets forth the legal standards governing review of a magistrate judge's report and recommendation and summary judgment in an IDEA case.

### I. Review of Report and Recommendation

A district court reviewing a magistrate judge's report and recommendation may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Within fourteen days after the magistrate judge has issued their report and recommendation, "any party may serve and file written objections to such proposed findings and recommendations." *Id.*; *see also* Fed. R. Civ. P. 72(b)(2). A district court reviews *de novo* the portions of the report and recommendation to which objection is made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); *see also Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008). For portions of the report and recommendation to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *Fischer v. Forrest*, 286 F. Supp. 3d 590, 600 (S.D.N.Y. 2018), *aff'd*, 968 F.3d 216 (2d Cir. 2020) (internal citation omitted). "To the extent that the objecting party makes only conclusory or general objections, or simply reiterates the original arguments, the court will review the report and recommendation strictly for clear error." *Giallanzo v. City of New York*, 630 F. Supp. 3d 439, 450 (S.D.N.Y. 2022). Finally, "new arguments and factual assertions cannot properly be raised for the first time in objections to the report and recommendation, and indeed

DRAFT

may not be deemed objections at all." *Piligian v. Icahn Sch. of Med. at Mount Sinai*, 490 F. Supp. 3d 707, 716 (S.D.N.Y 2020) (cleaned up).

## II.     Summary Judgment in IDEA Cases

"In a district court proceeding under the IDEA, the parties and the court typically style the decision as a ruling on a motion for summary judgment, but 'the procedure is in substance an appeal from an administrative determination, not a summary judgment motion.'" *Bd. of Educ. of Yorktown Cent. Sch. Dist. v. C.S.*, 990 F.3d 152, 165 (2d Cir. 2021) (quoting *M.H. v. N.Y.C. Dep't of Educ.*, 685 F.3d 217, 226 (2d Cir. 2012)). "The district court therefore 'engages in an independent review of the administrative record and makes a determination based on a preponderance of the evidence.'" *Id*. (quoting *M.H.*, 685 F.3d at 240). In conducting this independent review, the court "must give due weight to the state administrative proceedings, mindful that the judiciary generally lacks the specialized knowledge and experience necessary to resolve persistent and difficult questions of educational policy." *Id*. (quoting *M.H.*, 685 F.3d at 240). "On issues of law, however, such as the proper interpretation of the federal statute and its requirements, courts owe no deference to state hearing officers." *Bd. Of Educ. Of Yorktown Cent. Sch. Dist. v. C.S.*, 990 F.3d 152, 165 (2d Cir. 2021) (internal citation and quotation marks omitted). "When parents seek to overturn a [State Review Officer's ("SRO")] decision, they bear the burden of demonstrating that the decision was insufficiently reasoned or supported." *Phillips v. Banks*, No. 23-362-CV, 2024 WL 1208954, at *2 (2d Cir. Mar. 21, 2024) (internal citation omitted).

## DISCUSSION

The Court adopts the recitation of facts set forth in the R&R and assumes the parties' familiarity therewith. First, the Court finds that the SRO's determinations regarding whether the

3

DRAFT

IEP was substantively adequate are entitled to deference from the Court, but the SRO's determinations regarding whether the IEP was procedurally adequate are not. Next, the Court finds that nonetheless, Defendants did not deny R.D. a FAPE because the IEP was both procedurally and substantively adequate.

I. **Administrative Determinations Regarding Whether Defendants Acted in Procedural Compliance with the IDEA Are Not Always Entitled to Deference**

This case presents a combination of substantive and procedural challenges to the legal adequacy of the IEP. Plaintiff contends that the Court should not defer to the SRO on either the procedural or substantive issues, and in particular emphasizes that deference to an administrative officer on procedural matters is improper. Obj. at 6. But Plaintiff cites no authority for these propositions, and Defendants' cites to the contrary are not on point. *See* ECF No. 37 at 3–4. To clarify the discussion, the Court first reviews the concepts of legal adequacy, procedural defects, substantive adequacy, and procedural adequacy.

For an IEP to satisfy the IDEA and provide a FAPE, it must be legally adequate. Legal adequacy requires both procedural and substantive adequacy. *See Grim v. Rhinebeck Cent. Sch. Dist.*, 346 F.3d 377, 381 (2d Cir. 2003) (stating that courts review state administrative decisions under the IDEA for (1) whether "the State complied with the procedures set forth in the Act" and (2) whether the IEP developed by the school district is "reasonably calculated to enable the child to receive educational benefits"). When dealing with IEPs, both procedural and substantive adequacy can be impaired by a procedural defect. For example, procedural failures to include a child's guardian in an IEP's development can deny the family a procedural right, rendering the IEP procedurally inadequate. *See T.K. v. N.Y.C. Dep't of Educ.*, 810 F.3d 869, 876–77 (2d Cir. 2016). Or procedural failures to promptly administer an IEP may impact the ability of the affected child to receive timely adequate education, and thereby affect substantive adequacy. *See*

4

DRAFT

*Grim*, 346 F.3d at 382. However, "[n]ot every procedural error will render an IEP legally inadequate." *M.H.*, 685 F.3d at 245. And the standards for examining whether a procedural error renders an IEP procedurally inadequate or substantively inadequate are distinct.

When administrative officers answer questions of substantive adequacy, including whether a procedural defect impacts substantive adequacy, they receive deference. In *Grim*, the Second Circuit held that whether "a procedural or substantive issue" frustrates the "sufficiency of goals and strategies" of an IEP is "precisely the type of issue upon which the IDEA requires deference to the expertise of the administrative officers." 346 F.3d at 382. The "sufficiency of goals and strategies" of an IEP is substantive adequacy. Analyzing this kind of adequacy is a matter of educational policy and disabilities support that calls upon the technical expertise of administrative officers.

Procedural adequacy, however, is a separate matter. The expertise to determine whether someone was afforded the proper procedure under the law belongs with the Court. *See Cerra v. Pawling Cent. Sch. Dist.*, 427 F.3d 186, 192–95 (2d Cir. 2005) (extending deference to administrative officers on questions of substantive adequacy of the IEP, but not on questions of procedural compliance); *T.P. ex rel S.P. v. Mamaroneck Union Free Sch. Dist.*, 554 F.3d 247, 252–54 (2d Cir. 2009) (same). "[T]he district court's determination of the persuasiveness of an administrative finding must also be colored by an acute awareness of institutional competence and role." *M.H.*, 685 F.3d at 244. Upon this principle, the Second Circuit has cautioned that administrative "determinations concerning whether the IEP was developed according to the proper procedures" are afforded less weight than "determinations regarding the substantive adequacy of an IEP." *Id*. And when the issue is a question of law, courts "owe no deference to state hearing officers." *C.S.*, 990 F.3d at 165.

5

DRAFT

Here, the Court agrees with Judge Moses that the SRO's decision receives deference on all matters of the substantive adequacy of the IEP, including whether procedural defects made the IEP substantively inadequate. But a separate question is whether the procedural defects denied Plaintiff sufficient participation in the decision-making process. The ability of a plaintiff to participate in the decision-making process is a procedural right protected under federal law. *See* 20 U.S.C. §§ 1414(e), 1415(b)(1); 34 C.F.R. § 300.345(a); *Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist., Westchester Cnty. v. Rowley*, 458 U.S. 176, 205–06 (1982). The issue here is whether the alleged procedural defects suffered by Plaintiff amounted to the denial of a procedural right guaranteed by the IDEA. The Court must review this question without deference to the administrative officers' determination.

## II. Defendants Did Not Deny R.D. a FAPE for the 2021–2022 and 2022–2023 School Years

First, the Court addresses whether Defendants failed to fulfill the IDEA's procedural obligations. The Court concludes that the procedural defects do not render the IEP procedurally inadequate. Next, the Court finds that Plaintiff's objections that the IEP was substantively inadequate do not overcome the R&R's reasoned findings to the contrary.

### A. The IEP Was Procedurally Adequate

The IDEA protects the right of a child's guardian to be a part of the decision-making process for the educational placement of their child. *See* 20 U.S.C. §§ 1414(e), 1415(b)(1). But a procedural defect in the IEP development process is not a *per se* denial of this right. *See Jusino v. N.Y.C. Dep't of Educ.*, No. 14-CV-3617 (ENV), 2016 WL 9649880, at *6 (E.D.N.Y. Aug. 8, 2016), *aff'd*, 700 F. App'x 25 (2d Cir. 2017); *M.H.*, 685 F.3d at 245. The IDEA does not guarantee perfect involvement in the decision-making process; instead the IDEA provides that procedural defects violate its requirements when they "*significantly* impede[] the parents'

6

DRAFT

opportunity to participate in the decisionmaking process regarding the provision of a free appropriate public education to the parents' child." 20 U.S.C. § 1415(f)(3)(E)(ii) (emphasis added).[1] A significant impediment might manifest, for example, when the Department of Education ("DOE") predetermines an issue prior to an IEP meeting, when the DOE fails to inform guardians about a fact significant to the development of an IEP, or when the DOE persistently refuses to discuss a guardian's concerns regarding the adequacy of the IEP. *See T.K.*, 810 F.3d at 877.

Plaintiff argues that her participation in the IEP decision-making process was "significantly impeded" in two ways: (1) Defendants sent a school placement recommendation to Plaintiff one month after the IEP's intended implementation date, thereby depriving her of relevant information about the placement; and (2) Defendants did not implement music therapy as a part of R.D.'s IEP, because of a "policy-level" predetermination "that music therapy should be categorically dismissed." Obj. at 7–11. The Court finds that, even without any deference to the SRO's determination of these matters, the R&R's analysis of both issues is correct.

On the untimely notice of school placement, the Court agrees with Judge Moses that this defect did not significantly impede Plaintiff's opportunity to participate in the decision-making process. Two facts are determinative. First, Plaintiff already knew of R.D.'s 2021–2022 school placement at the Horan School at the end of the 2020–2021 school year. ECF No. 25 at 399.

---

[1] The IDEA specifically provides that procedural defects will amount to a denial of a FAPE only if the defects: "(I) impeded the child's right to a free appropriate public education; (II) significantly impeded the parents' opportunity to participate in the decisionmaking process . . . ; or (III) caused a deprivation of educational benefits." *Id*. As explained in *supra* Section I, (I) and (III) are questions regarding the impact of a procedural defect on substantive adequacy and as such, administrative determinations regarding them are due judicial deference. Here, the Court is solely focusing on (II), a question regarding the impact of a procedural defect on procedural adequacy.

7

DRAFT

Second, Plaintiff fails to demonstrate, or even argue, that she would have acted differently had she been notified of the school placement one month earlier. Plaintiff contends in the Objection that the late arrival of the placement letter limited her "ability to explore and understand the proposed placement, and restricted [her] ability to seek alternatives or adjustments that might better serve R.D.'s educational and developmental needs." Obj. at 8. But the record indicates that Plaintiff had no intention of exploring or understanding the placement or of seeking alternatives and adjustments at a different District 75 public school placement. *See* R&R at 17–18. Instead, it appears that Plaintiff had already made up her mind that she would not accept any District 75 placement for R.D. *Id*. at 17. Plaintiff's argument in the Objection is without evidentiary basis. For those reasons, the Court finds that the month delay in placement notice was not a significant impediment on Plaintiff's ability to participate in the IEP decision-making process.

Additionally, the Court agrees with Judge Moses that the decision not to implement music therapy as a part of R.D.'s IEP was not a policy-level predetermination that amounts to a significant impediment of Plaintiff's opportunity to participate in the decision-making process. As Judge Moses notes, Plaintiff failed to raise this argument at any point prior to her reply brief, which alone is a basis to reject this argument. R&R at 19–20. Nonetheless, the Court considers the argument and concludes that it lacks merit for the same reasons outlined in the R&R. Plaintiff expects the Court to infer from a set of ambiguous statements by a school psychologist that the DOE has made a policy-level determination dismissing music therapy. Obj. at 9–10. The Court declines to do so. In the absence of a policy-level predetermination, the Court finds no authority that denying a specific service is a procedural rather than substantive challenge. Instead, the Court finds that procedure was satisfied when Plaintiff was given adequate opportunity to

8

DRAFT

discuss music therapy with the DOE during a phone call and numerous IEP meetings. *See* R&R at 21–22.

The Court determines that the alleged procedural defects here do not amount to a deprivation of the procedural right to participate in the IEP decision-making process. The IEP was procedurally adequate.

### B. The IEP Was Substantively Adequate

Plaintiff's objections to the substantive adequacy of the IEP are largely reiterations – often verbatim – of her arguments in the initial motion. These include the arguments that the IEP failed to offer R.D. specific services to meet specific needs and that the school placement was inappropriate. Plaintiff's reiterated arguments do not overcome the R&R's reasoned findings that the IEP was substantively adequate.

Plaintiff raises the additional objection that because some of the SRO's findings "appear to hinge on procedural technicalities," the Court should not defer to those findings. Obj. at 19. Specifically, Plaintiff asks the Court to consider the substantive impact of the absence of air conditioning and related services at the school placement, which the SRO did not do because the Plaintiff's due process complaint did not initially include claims related to these issues. But the IDEA is clear that "[t]he party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that were not raised in the [due process complaint], unless the other party agrees otherwise." 20 U.S.C. § 1415(f)(3)(B). This is not a mere technicality, but a procedural protection of fair notice intended to prevent parents from "sandbagging the school district by raising claims after the expiration of the resolution period." *C.F. ex rel. R.F. v. New York City Dep't of Educ.*, 746 F.3d 68, 78 (2d Cir. 2014) (internal citation and quotation marks omitted). Although this waiver rule is "not to be mechanically applied" when there is good

9

DRAFT

reason for a party's failure to raise an issue in the initial due process claim, *see id.*, Plaintiff provides no explanation for her failure to discuss the absence of air conditioning in their due process complaint. For the Court to consider the issue now is to disregard the clear instruction of Congress. The Court will not do so.

Because the IEP was both procedurally and substantively adequate under the IDEA, the inquiry ends here. *See M.H.,* 685 F.3d at 258. Plaintiff's motion is denied.

## CONCLUSION

For the reasons set forth herein, the R&R is ADOPTED in part and MODIFIED in part. Plaintiff's motion for summary judgment is DENIED and Defendants' cross-motion for summary judgment is GRANTED.

The Clerk of Court is directed to terminate ECF Nos. 26 and 31 and close the case.

Dated: September 27, 2024
       New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge